UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

D'CARTIA HOSKINS,

   Petitioner,

  v.           CAUSE NO. 3:20-CV-239-RLM-MGG

WARDEN,

   Respondent.

OPINION AND ORDER

  D'Cartia Hoskins, a prisoner without a lawyer, filed an amended habeas corpus petition challenging his prison disciplinary hearing in case number MCF Miami Correctional Facility) 19-09-452 in which he was found guilty on December 18, 2019, of battery in violation of Indiana Department of Correction policy A-102. He was sanctioned with the loss of 100 days earned credit time and a one-step demotion in credit class. The Warden has moved to dismiss the amended petition because Mr. Hoskins didn't exhaust his administrative remedies before filing his amended habeas petition as required by 28 U.S.C. § 2254(b)(1). The court gave Mr. Hoskins until October 23 to file a response to the Warden's motion to dismiss, but he didn't file one.

  Principles of exhaustion that apply to federal review of criminal convictions also apply to review of prison disciplinary proceedings. See Eads v. Hanks, 280 F.3d 728, 729 (7th Cir. 2002); Markham v. Clark, 978 F.2d 993, 994-995 (7th Cir. 1992). Before seeking federal habeas relief, a prisoner must take all available

administrative appeals, and must raise in those appeals any issue on which he seeks federal review. Eads v. Hanks, 280 F.3d at 729.

The Indiana Department of Correction has established a two-step administrative appeals process. The Disciplinary Code for Adult Offenders, Policy & Administrative Procedure No. 02-04-101, §§ X(A)-(D) (effective June 1, 2015). The offender must first file a facility-level appeal within 15 days of the date of the hearing or receipt of hearing report. If the facility head denies the first-level appeal, the offender must file a second-level appeal with Department of Correction's final reviewing authority within 15 days of the date of the facility-level response. In the second-level appeal, the offender can assert only those claims that were raised in the first-level appeal.

Mr. Hoskins's petition acknowledges that he didn't file a second-level appeal with Department of Correction's final reviewing authority and so is procedurally defaulted from pursing relief in this case. The court's review of the Offender Information System record in this case verifies that he didn't file a second-level appeal.[1] The only argument that Mr. Hoskins's presents in his amended petition to overcome his failure to exhaust is that he did not pursue his second-level appeal because he would miss the 15-day time period for filing his appeal with Department of Correction in Indianapolis. He hasn't shown that his second-level appeal would have been rejected for that reason. In fact, his first-level appeal to the facility head was late but the merits of his appeal were

---

[1] In his amended petition, Mr. Hoskins also assets a third issue which he never raised in his first-level or second-level appeals. *See* ECF 5 at 3.

reviewed and ultimately rejected. And Mr. Hoskins has provided no reason in his amended petition that would excuse his failure to exhaust his administrative remedies. <u>Moffat v. Broyles</u>, 288 F.3d 978, 981-982 (7th Cir. 2002) (claim was procedurally defaulted because petitioner didn't raise it in his administrative appeals and hadn't tried to show cause and prejudice.) Nor did he respond to the court's September 23 order directing him to file a response to this motion to dismiss.

Mr. Hoskins can't seek habeas corpus relief in this case because he didn't exhaust his administrative remedies and the time to complete the administrative appeals process has passed, he. For these reasons, the motion to dismiss is GRANTED (ECF 11) and the amended petition (ECF 5) is DISMISSED WITHOUT PREJUDICE. The clerk is DIRECTED to close this case.

SO ORDERED on November 10, 2020

s/ Robert L. Miller, Jr.  
JUDGE  
UNITED STATES DISTRICT COURT